IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JACQUELINE EDWARDS,  :
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　: Civ. No. 16-425-RGA
　　　　　　　　　　　　　　　　　　:
BAYVIEW LOAN SERVICING, LLC,　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　　:

---

Jacqueline Edwards, Wilmington, Delaware. *Pro Se* Plaintiff.

Catherine M. DiLorenzo, Esquire, and Michelle Berkeley-Ayres, Esquire, Alba Law Group, P.A., Newport, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 6, 2017
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Jacqueline Edwards, who appears *pro se* and has paid the filing fee, filed this action on June 8, 2016, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (D.I. 2). Defendant Bayview Loan Servicing, LLC moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 6). In turn, Plaintiff filed a motion for leave to file an amended complaint. (D.I. 13) Defendant opposes. Briefing has been completed. (D.I. 14, 15).

## BACKGROUND

The verified Complaint, with attached Exhibits 1 and 2, alleges that Defendant is a debt collector, Plaintiff is a consumer, and Defendant illegally communicated with Plaintiff by failing to comply with 15 U.S.C. § 1692c(a). (D.I. 2, ¶¶ 14-20). Plaintiff alleges that Defendant did not have prior consent to communicate with her and failed to provide her any evidence of an alleged debt. Plaintiff alleges that Defendant has "engaged in abuse acts, harassment, [and] invasion of privacy in Plaintiff's private commercial affairs," and that "Defendant should not be in possession of any private commercial instruments or documents belonging to Plaintiff." (D.I. 2 at p.2). Plaintiff alleges that Defendant obtained the data in its possession from a third party and has used the data in its illegal conduct towards Plaintiff. (*Id.*). Plaintiff seeks statutory and actual damages.

Exhibit 1 is a "debt validation letter," dated March 14, 2016 and postmarked March 15, 2016, to Plaintiff from Defendant advising Plaintiff that it seeks to bring Plaintiff's mortgage account current, and that it is attempting to collect a debt on behalf of "U.S. Bank National Association, as trustee, in trust for the benefit of the holders of WB4B REMIC Trust 2016-1 beneficial interest certificates, series 2016-1" ("U.S. Bank"),

the current owner of Plaintiff's loan. The letter advises Plaintiff of the loan number, the property address, the loan amount, advises Plaintiff how to dispute the validity of the debt, and provides contact information.

Exhibit 2 is a collection of documents, to wit: (1) a March 14, 2016 letter to Plaintiff from Defendant introducing her "dedicated point of contact to help" Plaintiff with her loan that is serviced by Defendant; (2) a March 14, 2016 "mortgage statement;" (3) a March 15, 2016 "request for initial packet for making home affordable program" sent to Plaintiff by Defendant; (4) a March 18, 2016, "transfer of service notice" to Plaintiff from Defendant advising Plaintiff that her loan that had been serviced by CitiFinancial Servicing LLC was transferred to Defendant on March 4, 2016; (5) an April 11, 2016 letter to Plaintiff from Defendant advising Plaintiff that its records show expiration of hazard insurance on the property at issue, that it does not have evidence of new coverage, and that it plans to buy insurance for the property; (6) an April 13, 2016 "mortgage statement;" and (7) an April 14, 2016 letter to Plaintiff from Defendant with instructions for applying for a "mortgage loan modification."

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not oppose the motion. Instead, she filed a motion to amend the complaint, which is opposed by Defendant.

## MOTION TO DISMISS

**Standards of Law**

Plaintiff proceeds *pro se* and, therefore, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**Discussion**

Defendant moves for dismissal on the grounds that the Complaint does not provide a basis on which the Court may grant relief, as it does not contain facts

3

sufficient to allege a violation of 15 U.S.C. § 1692c(a).[1] To state a claim under the FDCPA, Plaintiff must establish that "(1) she is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Here, Plaintiff's Complaint alleges Defendant violated § 1692c, a provision prohibiting a debt collector from communicating with a consumer in connection with the collection of a debt: (1) at any unusual or inconvenient time or place; (2) when the consumer is known to be represented by an attorney with respect to the debt; "or (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. §1692c(a). The Complaint alleges no facts that suggest Defendant communicated with Plaintiff under any of the circumstances prohibited by § 1692c. Therefore, dismissal of the Complaint is appropriate, and Defendant's motion to dismiss (D.I. 6) will be granted.

## MOTION TO AMEND

### Standards of Law

Rule 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal approach

---

[1] Defendant also briefly argues that other provisions of the FDCPA are not alleged. I think it is clear from the Complaint that it only raises claims under § 1692c(a). Therefore, there is no need to discuss other sections of the FDCPA in connection with the motion to dismiss.

4

to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). However, "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013).

**Discussion**

Plaintiff, perhaps recognizing the deficient pleading in the original Complaint, did not oppose Defendant's motion to dismiss. Instead, she filed a motion to amend the complaint. (D.I. 13). Plaintiff provided the Court with a proposed amended complaint. (*Id.* at Exs. A, B). The proposed amended complaint raises three claims: Count 1, pursuant to 15 U.S.C. § 1692g (validation of debts); Count 2, pursuant to 15 U.S.C. § 1692e (false or misleading representations); and Count 3, pursuant to 15 U.S.C.

5

§ 1692d (harassment or abuse).

As with the original Complaint, the proposed amended complaint contains numerous exhibits, some of which were submitted with the original complaint. They are: (1) Exhibit 1 (previously submitted as Ex. 2, item 1) is the March 14, 2016 letter to Plaintiff from Defendant introducing her dedicated point of contact; (2) Exhibit 2 (previously submitted as Ex. 2, item 4) is the March 18, 2016, transfer of service notice; (3) Exhibit 3 (previously submitted as Ex. 2, item 5) is the April 11, 2016 letter to Plaintiff from Defendant advising Plaintiff that its records show expiration of hazard insurance; (4) Exhibit 4 (not previously submitted) is Plaintiff's May 3, 2016 notice of dispute to Defendant; (5) Exhibit 5 (not previously submitted) is Defendant's May 12, 2016 response to Plaintiff's dispute of the validity of the debt, which includes copies of Defendant's account activity statements, March 18, 2016 transfer of service notice, March 7, 2006 mortgage, August 12, 2015 assignment of mortgage, March 7, 2006 note, March 7, 2006 HUD1 form, good faith estimate, September 11, 2014 notice of default, and July 18, 2010 notice of intent to accelerate; (6) Exhibit 6 (not previously submitted) is a May 20, 2016 letter from Defendant to Plaintiff regarding an adjustment affecting the interest due and advising Plaintiff that if she received a debt validation letter when her loan originally transferred to Defendant, an updated copy would be mailed to Plaintiff; (7) Exhibit 7 (not previously submitted) is a May 23, 2016 debt validation letter advising Plaintiff that it seeks to bring Plaintiff's mortgage account current and that it is attempting to collect a debt on behalf of U.S. Bank, the current owner of Plaintiff's loan, and advising Plaintiff of the loan number, the property address, the loan amount, how to dispute the validity of the debt, and providing contact

information; and (8) Exhibit 8 (not previously submitted) is an August 14, 2016 mortgage statement.

Defendant opposes the motion to amend on the grounds that: (1) the motion was made in bad faith, and (2) amendment is futile because the proposed amended complaint fails to state claims upon which relief may be granted. (D.I. 14). Plaintiff responds that the proposed amended complaint contains all the elements necessary to state claims, and, alternatively, seeks leave to amend should the Court find that the proposed amended complaint fails to state claims upon which relief may be granted. (D.I. 15).

**Bad Faith**. Defendant argues that the motion was made in bad faith, misrepresents communications Plaintiff received from Defendant, verifies untrue statements, and was filed in an effort to conform and manipulate the evidence to suit Plaintiff's claims and contradicts her verified allegations in the original complaint. Defendant makes this argument primarily because the proposed amended complaint refers to "an initial communication" (which Defendant says Plaintiff calls the "first communication" in the proposed amended complaint) from Defendant that is different from the "first communication" Plaintiff identified in the original Complaint. (*Compare* D.I. 2 at Ex. 1 March 14, 2016 debt validation letter to D.I. 13 at Ex. A at Ex. 1 March 14, 2016 introducing your contact letter). Defendant argues that, as pled, the proposed amended complaint calls into question Plaintiff's truthfulness and candor with the Court.

As the Third Circuit has noted, "[p]laintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss," and "[t]hat is so even when the proposed amendment flatly contradicts the initial allegation." *West Run Student*

7

*Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 172 (3d Cir. 2013). I assume for present purposes that Defendant is correct that the proposed amended complaint contradicts allegations in the original complaint (and I am not convinced that it does). However, in light of *West Run*, Defendant's position does not provide a basis to deny the motion to amend.

**Failure to State a Claim**. Defendant also opposes the motion to amend on the grounds that the proposed amended complaint fails to state claims upon which relief may be granted. The Court addresses each count in turn.

**15 U.S.C. § 1692g**. The FDCPA requires debt collectors to furnish notice containing certain information, within five days of an "initial communication," to consumers believed to owe a debt. *See id.* at § 1692g(a). Upon receipt of such notice, the consumer has thirty days to inform the debt collector in writing that he or she either disputes the debt or requests the name and address of the original creditor. *See id.* at § 1692g(b). If the consumer does that, then the debt collector must cease its collection efforts until it provides verification of the debt. *See id.*

The proposed amended complaint alleges that defendants violated the statute by failing to follow its requisites. (D.I. 13 at Ex. A at ¶¶ 69-81). Defendant argues that the original Complaint asserted that Plaintiff received her first communication from Defendant in a March 15, 2016 validation of debt letter, dated March 14, 2016 (*see* D.I. 2 at Ex. 1), which provided the required information, while the proposed amended complaint refers to the receipt on March 16, 2016 of a communication, also dated March 14, 2016 (see D.I. 13 at Ex. A at Ex. 1), which does not provide the required

8

information. Defendant argues that the existence of the March 14, 2016 debt validation letter renders untrue Plaintiff's allegations in the proposed amended complaint.

Motions to dismiss for failure to state a claim are, under the rules, not concerned with truth. Despite Defendant's position, as pled, the proposed amended complaint states a claim under § 1692g. *See West Run*, 712 F.3d at 172-73 (when considering a proposed amended complaint at the motion to dismiss stage, court cannot consider allegations of superseded complaint). Before a court could consider the allegations of an earlier complaint, the court is required to convert a motion to dismiss into a motion for summary judgment. "At the summary judgment stage, a district court may consider a statement or allegation in a superseded complaint as rebuttable evidence when determining whether summary judgment is proper." *Id.* at 173.

**15 U.S.C. § 1692e**. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Here, the claim raised pursuant to § 1692e(10) in the proposed amended complaint appears to allege Defendant provided false information by advising Plaintiff that the owner of the note is U.S. Bank.[2] (*See* D.I. 13 at Ex. A at Ex. 4). Liberally construing the proposed amendment, as the Court must, the allegations suffice to state a claim under § 1692e(10).

Defendant relies upon *Dixon v. Stern & Eisenburg, P.C.*, 652 F. App'x 128 (3d Cir. 2016), a case with facts similar to those raised in the proposed amended complaint,

---

[2] This is a plausible claim. On March 3, 2017, in an unrelated case, a Rule 60(b) motion filed by the plaintiff was that it – U.S. Bank – had misidentified itself "due to an unexplained scrivener's error" throughout the litigation, as the actual owner was Deutsche Bank. *See U.S. Bank v. Rollins*, No. 15-366, D.I. 12 (D. Del. March 3, 2017).

9

to argue that the allegations fail to state a claim upon which relief may be granted under § 1692e. *Dixon*, however, was in a different posture than the instant case. There, the Third Circuit affirmed the grant of summary judgment, not dismissal, as to a claim raised under § 1692e.

**15 U.S.C. § 1692d**. Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d lists six specific ways in which it could be violated, without limiting the violations to those six specified ways.

Defendant argues that the proposed amended complaint fails to allege facts to support a claim that it engaged in abusive or harassing conduct in violation of 15 U.S.C. § 1692d. The proposed amended complaint does not indicate that any of the six specific ways are implicated by Defendant's conduct, and contains no factual allegations that sound like one of the six. Plaintiff's theory seems to be the harassment was attempting to collect an unverified and disputed debt, which would violate other sections of the FDCPA, but which, without more, would not be a violation of § 1692d. While it seems as though Plaintiff has an untenable theory, it is also possible that she has a valid theory, but that it is alleged in a conclusory manner without any relevant factual support. As currently pled, the allegations fail to state a claim upon which relief may be granted.

## CONCLUSION

The proposed amended complaint adequately states claims under 15 U.S.C.

10

§ 1692e and § 1692g, but not under § 1692d.  Therefore, Plaintiff's motion to amend will be granted in part and denied in part.  (D.I. 13).  Plaintiff will be given leave to file an amended complaint to cure the pleading defects as to the § 1692d claim.

An appropriate order will be entered.


_____
UNITED STATES DISTRICT JUDGE